UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON, MA                                                                                          CIVIL ACTION NO.

| | |
|---|---|
| William Hurley, as Administrator of and on behalf of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds, ("**Administrator**") Plaintiff, <br><br> v. <br><br> MCS Structures, Inc. ("**MCS**") Defendant. | **COMPLAINT** |

### INTRODUCTION

1. Plaintiff, employee benefits funds Administrator Mr. William Hurley ("Administrator"), sues seeking $2,050.34, plus other amounts ("Delinquent Amounts"). In accord with §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and (d)(l) and 1145 and § 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185, Administrator seeks to collect interest on Delinquent Amounts that Defendant MCS Structures, Inc. ("MCS") owes pursuant to the terms of collective bargaining agreements referenced in the attached Exhibit A ("CBA").

### JURISDICTION & VENUE

2. The Court has jurisdiction over this action pursuant to § 502(a), (e), and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e), and (f), and jurisdiction pursuant to § 301 of the LMRA, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies as the CBA recites at ¶11: "The Parties consent and submit to the jurisdiction of the federal or state courts located in the Commonwealth of Massachusetts and expressly agree to Massachusetts as the exclusive forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder and expressly waive any objection to venue and

1

personal jurisdiction in such courts." MCS also performs work in the judicial District of Massachusetts.

## PARTIES

4. Plaintiff is the Administrator and collection agent for the Ironworkers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds recited in the CBA (collectively "Funds"). He administers such Funds from a business office located at 161 Granite Avenue, Boston, Massachusetts 02124.

5. Defendant MCS Structures, Inc. is a Pennsylvania corporation with a principal place of business located at 400 Reed Road, Broomall, PA 19008.

## FACTS

6. The Administrator is an ERISA fiduciary.

7. Specifically, and among his other ERISA fiduciary duties, he:

   a. Oversees all administrative functions of the Funds;
   b. Is responsible for timely and accurate adjudication and payment of ERISA governed employee benefits;
   c. Is responsible for the timely collection and oversight of employer contributions owed to the Funds, including coordination with legal counsel to ensure timely claims for lien and surety bond claims and to institute legal actions to collect delinquent contributions, like those claimed here;
   d. Is responsible for effectively communicating plan and policy changes to plan beneficiaries and participants and for developing communication with Funds' plan beneficiaries and participants;
   e. Decides ERISA beneficiary and participant eligibility decisions in the first instance for fund participants and beneficiaries who apply for such covered benefits;
   f. Approves and denies ERISA claims filed by ERISA plan beneficiaries and participants;
   g. Develops audit reports to various state and federal compliance agencies and boards;
   h. Is responsible for the cash control of the Funds, and for accurate reporting of such accounts and each of the ERISA fund's cash flow;
   i. Keeps possession and control of and oversees the actual bank and financial accounts containing the Funds' assets;
   j. Is the supervisor signatory who drafts and endorses checks from ERISA trust accounts for payments to various accounts payable;
   k. Oversees these accounts and supervises the cosigning of such checks with a subordinate employee under Administrator's direct employ as Administrator; and

    l.   Receives from employers bound to CBAs ERISA and Non-ERISA contributions, which he collects, holds in trust in a bank holding account, and distributes these contributions to various entities recited in the CBAs, primarily ERISA funds.

8. The Funds include jointly trusteed, multi-employer plans within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).

9. Defendant MCS is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

10. MCS executed and remains legally bound to the CBA.

11. Exhibit A reflects a true and genuine copy of the CBA that MCS signed.

12. MSC employed workers covered by the CBA to perform labor in Massachusetts during 2018 and into June of 2019, e.g., the Wynn (Encore) Resort in Everett.

13. The CBA requires MCS to, among other things, make ERISA and other contributions to the Funds for each hour worked by employees covered by the CBA ("Covered Employees").

14. By way of the CBA, MCS agreed to pay interest on the ERISA delinquent benefit contributions and ERISA governed liquidated damages. Exhibit B (Delinquency Procedure Policy).

15. The CBA also mandates that MCS create and submit weekly remittance reports ("Remittance Reports"), after each week MCS performed work covered by the CBA ("Covered Work") and employed Covered Employees. Exhibit C (Remittance Reports).

16. The Remittance Reports reflect a true and accurate record of hours of Covered Work that MCS reported as having performed under the CBA.

17. Exhibit C reflects a true and genuine copies Remittance Reports that MCS created and submitted to the Funds' office.

18. MCS paid contributions late on several occasion causing accumulation of interest on of the delinquent contributions.

19. The Funds office administrators have for years demanded payment of the interest due arising out of MCS's delinquencies. MCS continues to fail to pay the interest despite being aware of the amount owed.

20. To date, MCS currently owes late payment interest to ERISA-related portions of the Funds in the amount of at least $2,050.34. <u>Exhibit D</u> (Administrator's Spreadsheet Calculations).

21. Plaintiff is serving a copy of this Complaint upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C.§ 1132(h).

## COUNT I
### (ERISA)

22. Plaintiff Administrator incorporates by reference here each of the above paragraphs.

23. Absent an Order from this Court, MCS will continue to refuse and fail to pay the interest it owes under the ERISA.

24. The failure of MCS to make timely payment of all ERISA contributions owed, including interest, on behalf of all Covered Employees who performed Covered Work violates § 515 of ERISA, 29 U.S.C. § 1145.

25. This is an action by Administrator to recover the interest amounts owed by MCS to the Funds and other amounts to become owed to the Funds through the date of the Judgment, including continuing interest, liquidated damages, and reasonable attorney's fees and costs, all pursuant to the CBA and ERISA.

## COUNT II
### (Breach of Contract, LMRA § 301)

26. Plaintiff Administrator incorporates by reference here each of the above paragraphs.

27. The CBA is a contract within the meaning of § 301 of the LMRA.

28. The failure of MCS to pay interest owed on for labor performed by its Covered Employees violates the terms of the CBA.

29. The Funds are third-party beneficiaries of the CBA.

30. The Administrator is entitled to recover amounts sought herein on behalf of the Funds and their Trustees, including the interest and other amounts to become due through the date of the Judgment.

31. Absent an order from this Court, MCS will continue to refuse and fail to pay the interest it owes under the CBA to the Funds and their participants will be irreparably harmed.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

a. Enter the ERISA provided temporary restraining order, preliminary, and permanent injunctions enjoining MCS from refusing or failing to make timely payment of ERISA interest, fees, and damages owed to the Funds;

b. Order the attachment of assets, including accounts receivable of Defendant MCS;

c. Enter judgment in favor of the Administrator for the Funds against MCS for the interest on the Delinquent Amounts owed, with any additional amounts determined by the Court to be owed the Funds or which became due during the pendency of this action, plus liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C.§ 1132(g)(2) and the CBA; and

d. Such further and other relief as this Court may deem appropriate.

> Plaintiff, Mr. William Hurley, Funds Administrator,
> By his and the Funds' attorney,
>
> /s/ Mickey Long
> Mickey Long BBO# 634388
> P.O. Box E-1

193 Old Colony Avenue  
Boston, MA 02127  
TEL: (617) 269-0229  
FAX: 617.765.4300  
mickeylong@outlook.com.

January 6, 2023